IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD E. KARR,

    Petitioner,                    No. CIV S-06-0599 DFL DAD P

    vs.

D.K. SISTO, et al.,

    Respondents.                <u>ORDER</u>

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

        In Alameda County Superior Court in 1978, petitioner was convicted of first degree murder. The habeas petition filed in this court on March 22, 2006, is a challenge to petitioner's eighteenth denial of parole by the Board of Parole Hearings after the hearing conducted in 2004.

        On June 7, 2006, petitioner filed a request for leave to amend his petition to join claims arising from his nineteenth denial of parole after a subsequent hearing in 2005. Petitioner's request was accompanied by a proposed amended petition. Petitioner argues that his new claims relate back to the filing of the petition in this action because the claims concerning both denials are tied to a common core of operative facts.

1

Petitioner's relation-back argument is unpersuasive. The operative facts in this action consist of the record that was before the panel in 2004, the evidence relied upon by that panel in reaching its decision, and the decisions of the state courts regarding the Board's 2004 decision. The operative facts concerning the 2005 decision consist of the record before a panel in 2005, the evidence relied upon by that panel, and the decisions of the state courts regarding the Board's 2005 decision. Separate hearings and decisions of the Board must proceed and be challenged separately. Accordingly, petitioner's request for leave to file a first amended petition will be denied.[1] The court will, however, grant petitioner's request to substitute D.K. Sisto, acting warden of California State Prison-Solano, for respondent Tom L. Carey.

Since petitioner may be entitled to relief with regard to his 2004 parole denial if the claimed violations of constitutional rights are proved, respondents will be directed to respond to the habeas petition filed March 22, 2006.

The petition filed March 22, 2006 includes a request for appointment of counsel. There is no right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Counsel may be appointed, however, at any stage of the case "if the interests of justice so require." 18 U.S.C. § 3006A; see also Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the interests of justice do not require the appointment of counsel at this stage of the case.

IT IS HEREBY ORDERED that:

1. Petitioner's March 22, 2006 request for appointment of counsel is denied;

2. Petitioner's June 7, 2006 request for leave to file a first amended petition is denied, and the proposed first amended petition shall not be filed;

---

[1] The court will not direct the Clerk to open a new case for petitioner's proposed first amended petition because the pleading challenges both the 2004 and 2005 parole decisions. In addition, the pleading alleges no facts concerning exhaustion of state court remedies by petitioner with respect to his challenge to the Board's 2005 decision. Petitioner's claims concerning the 2005 decision may not be presented to the federal court in a new action until he has exhausted state court remedies.

3. Petitioner's June 7, 2006 request to substitute D.K. Sisto for respondent Tom L. Carey is granted, and the Clerk of the Court is directed to amend the court's docket to reflect that D.K. Sisto is substituted for Tom L. Carey in this action;

4. Respondents are directed to file and serve a response to petitioner's habeas petition filed March 22, 2006, within thirty days from the date of this order. See Rule 4, Fed. R. Governing § 2254 Cases. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in petitioner's habeas petition. See Rule 5, Fed. R. Governing § 2254 Cases;

5. If the response to petitioner's habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after the answer is served;

6. If the response to petitioner's habeas petition is a motion, petitioner's opposition or a statement of non-opposition to the motion shall be filed and served within thirty days after the motion is served, and respondents' reply shall be filed and served within fifteen days thereafter; and

7. The Clerk of the Court shall serve a copy of this order together with a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed on March 22, 2006, on Jennifer A. Neill, Lead Supervising Deputy Attorney General.

DATED: November 20, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13:bb
karr 0599.100fee